UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL CARMONA,<br><br>                    Plaintiff,<br><br>    -against-<br><br>COURT OFFICER WILFRED COLON, Shield No. 3164; COURT LIEUTENANT EDWARD JAKUBEK, Shield No. 78; COURT OFFICER KEITH BROWN, Shield No. 7694; COURT OFFICER "FNU" (First Name Unknown) GUZMAN, Shield No. 7850; COURT SERGEANT PAUL PUMA; JOHN DOES; and RICHARD ROES,<br><br>                    Defendants. | **STIPULATION AND ORDER CONCERNING CONFIDENTIAL MATERIAL**<br><br>17-cv-00471 (WFK) (RLM) |

It is hereby stipulated and agreed by, between, and among the parties to this Stipulation and Order Concerning Confidential Material (the "Confidentiality Order"), through their respective counsel, pursuant to Fed. R. Civ. P. 26(c), as follows:

### *Materials Covered*

1. All documents and information containing personal health / mental health information of any party hereto, including but not limited to documents and information covered by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and records disclosed by a party pursuant to any Authorization to Release Medical Records, produced or provided by the parties during the course of settlement discussions or discovery in the above-captioned action (the "Action") shall be treated by the parties as "Confidential Material."

2. Other documents and/or information may only be designated as "Confidential Material" upon the agreement of all parties.

3. This Confidentiality Order shall apply to all "Confidential Material" produced or disclosed in the "Action"), by any party, including but not limited to information produced or disclosed:

>(a) In any non-publicly filed pleading, document, affidavit, affirmation, interrogatory answer, responses to requests for admission, brief, motion, transcript, or any other writing;
>
>(b) In testimony given in a deposition, and any copies, or summaries of such information; or
>
>(c) Through any manner or means of discovery, including entry onto land or premises and inspection of books, records, documents and tangible things, or through subpoena.

### *Designation*

4. Any party producing confidential materials (the "Producing Party") may designate such materials as Confidential Material by emailing opposing counsel and identifying the particular materials - by Bates number(s), transcript page number(s), or other specification - to be treated as confidential. So-designated documents and the information contained therein, shall not be disclosed to anyone by the party receiving the Confidential Material ("the Receiving Party"), except as provided in this Confidentiality Stipulation and Order. A Confidentiality designation by the Producing Party shall not be deemed an acknowledgment of confidentiality by any other party except for purposes of this Confidentiality Stipulation and Order. Each party hereto reserves the right to make an application to the Court on notice challenging a designation of confidentiality in whole or part of any document or information.

5. Any party, through its attorney, may designate as Confidential any deposition testimony that the attorney believes in good faith discusses or discloses

Confidential Material. Such designation may also be made orally on the record of a deposition or by notice by email within 30 days from the receipt of the transcript.

6. To designate the documents as Confidential Material, the Producing Party shall mark the document with the words "CONFIDENTIAL," "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," or with a similar legend. Where such marking of each piece of such Material is impossible or impractical (such as productions of groups of documents in native form), the Producing Party shall designate in writing that information or Material it regards as containing Confidential Material.

### *Use and Disclosure of Confidential Material*

7. All Confidential Materials produced in discovery in this Action shall be used by the Receiving Party solely for the purposes of prosecuting or defending this Action and not for any other purpose.

8. All Confidential Material shall be maintained by the parties in a confidential manner, and shall not be given, shown, or described to any persons other than those described below.

9. Unless otherwise ordered by the Court or agreed to by the parties in writing, Confidential Material may be disclosed only to:

    (a) The Court and personnel employed by it;

    (b) Counsel to the parties in the above-captioned litigation (including in-house counsel) and the attorneys, legal assistants, paralegal, clerical and other support staff who are employed by such counsel or are independent contractors of counsel and who are actually involved in assisting in the litigation;

    (c) The parties to this Action and officers or employees of any named party who is either required by such party or requested by counsel to assist in the prosecution or defense of the Action;

    (d) Any deponent or witness;

(e) Court reporters who record depositions or other testimony in this case;

(f) Any expert witness upon execution of a Non-Disclosure Agreement discussed in paragraph 10, which acknowledgment shall be retained by the counsel who retains that expert's services; and

(g) Any other person upon the written agreement of the Producing Party and execution of the Non-Disclosure Agreement discussed in paragraph 10, or pursuant to court order.

10. Prior to the disclosure of any Confidential Material by a Receiving Party to a person identified in subparagraphs 8(f) or 8(g), counsel for the party proposing to make such disclosure shall ensure that a copy of this Confidentiality Order has been delivered to such person, and shall obtain that person's written agreement to be bound by the terms of this Confidentiality Order and consent to the Court's jurisdiction for the purpose of enforcing this Confidentiality Order in the form of the Non-Disclosure Agreement annexed hereto as **Appendix A**. Counsel of record shall maintain a list of the names of all persons to whom such materials or information is disclosed and such list shall be available for inspection by counsel for the Producing Party upon order of the Court following a showing of good cause.

11. Nothing in this Confidentiality Order shall be construed to limit, modify, or interfere in any manner with any Producing Party's use of its own Confidential Material.

12. Notwithstanding any provision set forth herein, any party may use without restriction documents or information that is in its possession by means other than receipt of a production pursuant to this Confidentiality Order.

### *Miscellaneous*

13. This Confidentiality Order is intended to be contractual in nature and may not be modified or changed orally. All changes or modifications shall be made in writing executed by the parties.

Dated: New York, New York
July 13, 2017

_____
Jeffrey A. Rothman, Esq.
315 Broadway, Suite 200
New York, New York 10007
(212) 227-2980
rothman.jeffrey@gmail.com
*Attorney for Plaintiff*

Dated: New York, New York
July 11, 2017

_____
Elizabeth A. Figueira
Assistant Attorney General
New York State Office of the Attorney General
120 Broadway, 24th Floor
New York, New York 10271
Phone: (212) 416-8528
elizabeth.figueira@ag.ny.gov
*Attorney for Defendants*

SO ORDERED:

Dated: July ___, 2017

_____

EASTERN DISTRICT OF NEW YORK

5

**APPENDIX A**

**ACKNOWLEDGMENT**

I hereby acknowledge that I have read a copy of the Confidentiality Stipulation and Order ("Confidentiality Order") entered in the Action presently pending in the United States District Court for the Eastern District of New York entitled *Carmona v. Colon, et al.,* 17-CV-00471 (WFK) (RLM), that I understand the terms thereof and agree to be bound by its terms, and that I submit myself to the jurisdiction of the Court, wherever I may be, for the enforcement of this Protective Order.

Signed under penalty of perjury of the laws of the United States of America, this _____ day of _____, 20__.

_____
Signature

_____
Name (Printed)